UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| ERIC L. BRANCH, | ) | 3:14-cv-00423-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

Before the court is the plaintiff's motion for attorney's fees (#23). Defendant has opposed (#24), and plaintiff has replied (#25).

On September 8, 2015, the court adopted and accepted the report and recommendation of the United States Magistrate Judge that this action be remanded to the Social Security Commissioner for an award of benefits. On October 8, 2015, plaintiff moved for attorney's fees pursuant to the Equal Access to Justice Act, 28

1

U.S.C. § 2412(d)(1)(A).  That section provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

"A position is 'substantially justified' if it has a 'reasonable basis in law and fact.'"  *Hardisty v. Astrue*, 592 F.3d 1072, 1079 (9th Cir. 2010) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).  Substantially justified does not mean "'justified to a high degree,' but rather 'justified in substance or in the main'—that is, justified to a degree that could satisfy a reasonable person." *Pierce*, 487 U.S. at 565.  The court considers whether the defendant's position was substantially justified only with respect to the issues decided by the court.  *See Hardisty*, 592 F.3d at 1077; *Flores v. Shalala*, 49 F.3d 562, 566 (9th Cir. 1995).

With respect to the issue decided by this court, the defendant's position was substantially justified.  Whether 14,400 jobs nationally or 1,350 jobs in Texas were significant numbers for purposes of the Step Five determination was not clearly answered by binding circuit precedent.  While the Ninth Circuit has described as a "close call" whether 25,000 jobs nationally is sufficient, in that same opinion it cited an Eighth Circuit case finding sufficient as few as 10,000 jobs nationally.  *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 529 (9th Cir. 2014).  The regional numbers were similarly close, and in making the determination as to whether 1,350 jobs in Texas was a significant number, the court

relied on persuasive authority articulated in *Mericle v. Secretary of Health & Human Servs.*, 892 F. Supp. 843, 847 (E.D. Tex. 1995) and *Walker v. Shalala*, 1994 WL 171209, at *2 (S.D. Tex. 1994). The court concludes that the ALJ's determination that the number was significant and the defendant's decision to defend that conclusion was substantially justified. The plaintiff's motion for an award of attorney's fees (#23) is accordingly **DENIED.**

IT IS SO ORDERED.

DATED: This 16th day of November, 2015.

_____
UNITED STATES DISTRICT JUDGE