**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| ERIC L. BRANCH, | ) | 3:14-cv-00423-HDM-VPC |
| | ) | |
| Plaintiff, | ) | |
| | ) | ORDER |
| vs. | ) | |
| | ) | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | ) ) | |
| | ) | |
| Defendant. | ) | |

Before the court is the plaintiff's motion for attorney's fees pursuant to 42 U.S.C. § 406(b)(1) (ECF No. 29). Defendant has not opposed plaintiff's motion, and the time for doing so has expired.

Pursuant to § 406(b)(1)(A),

> Whenever a court renders a judgment favorable to a [social security] claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner

1

of Social Security may . . . certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.

The court may approve a fee under § 406(b)(1) only to the extent it is "reasonable," and an attorney seeking approval of his fee "must show that the fee sought is reasonable for the services rendered." *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 & n.17 (2002). In considering the reasonableness of a contingent-fee agreement, courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. In addition, "[i]f the benefits are large in comparison to the amount of time counsel spent on the case, a downward adjustment is similarly in order." *Id.*

Here, plaintiff signed a contingent-fee agreement providing that he would pay his attorneys 25 percent of any past-due benefits awarded to him. Plaintiff's past-due benefits have been determined by the Social Security Administration, and plaintiff's attorneys now seek approval of a $6,545.50 fee, representing 25 percent of those benefits.

A contingency fee of 25 percent is common in social security cases. *See Gisbrecht*, 535 U.S. at 803. The court finds nothing inherently unreasonable about this fee, nor has the defendant provided any reason for finding it unreasonable. In addition, the fee is reasonable in the specific context of this case. Plaintiff's attorneys spent 31.30 hours working on his case in this court. A fee of $6,545.50 for 31.30 hours of work equates to

$209.12 per hour. This is a reasonable hourly rate, and it is reasonable for the results achieved, which included a remand from this court to the Social Security Commissioner for an award of benefits. The court finds no reason for adjustment of the fee sought, nor has the defendant provided any basis for adjustment.

Accordingly, the plaintiff's motion for attorney's fees pursuant to § 406(b)(1) (ECF No. 29) is **GRANTED**, and the Commissioner is authorized to disburse $6,545.50, payable from plaintiff's past-due benefits and representing 25 percent of the plaintiff's past-due benefits as agreed in the contingent-fee agreement, to the Law Offices of Harry J. Binder and Charles E. Binder, P.C. Plaintiff's counsel has not received attorney's fees under the Equal Access to Justice Act, 20 U.S.C. § 2412, that would be subject to refund.

**IT IS SO ORDERED.**

DATED: This 16th day of November, 2016.

_____
UNITED STATES DISTRICT JUDGE